UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  BRYAN CLASEN AND			CHAPTER 13, CASE NO. 12-12514
       MISTI ARMSTRONG

       BRYAN CLASEN					PLAINTIFFS
       MISTI ARMSTRONG
ADDRESS:	7585 WOODSHIRE DR.
       Horn Lake, MS 38637

VS.					**Adversary Proceeding No._____**

GREEN TREE SERVICING, LLC						DEFENDANT
c/o CT CORPORATION SYSTEM, Their Registered Agent
645 Lakeland East Drive, Ste. 101
Flowood, MS 39232

## INTRODUCTION

This is an action brought by the Plaintiffs pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the Debtors and determine the amount of the allowed secured claim of the Defendant.

## JURISDICTION

1.    The Plaintiffs allege that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2.    The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, and Section 157(b)(2) of Title 28 of the United States Code.

**THE BASE CASE AND PARTIES**

3. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on or about June 21, 2012.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This Order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5. The 341(a) meeting of creditors has been held and the plan has been confirmed.

6. The Defendant has not filed an Objection to Confirmation of the plan in this case.

**FACTUAL ALLEGATIONS**

7. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of the Court, a debt was listed in favor of the Defendant for the second deed of trust on the residential real estate of the Debtors. The Debtors believe and, therefore, alleged in their petition and schedules that there was no equity in their residential real estate to which the second mortgage could secure at the time the loans were made and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the plan.

8. The Plaintiffs allege that at the time they filed their bankruptcy petition, and at the present time the value of their interest in the said residential real estate was and is approximately $92,000.00 and have a recently obtained appraisal to support their allegation.

9. The Plaintiffs' interest in their residential real estate is subject to a first lien arising out of a mortgage in favor of Wells Fargo Home Mortgage, which has a balance of $98,411.74, as is shown on the Proof of Claim filed by the first lien holder.

10. The Plaintiffs' interest in their residential real estate is subject to a second lien arising out of a mortgage in favor of the Defendant in the amount of $31,651.78, as is shown on

the Proof of Claim filed by the second lien holder.

11. The lien securing the second mortgage of the Defendant is junior to the first mortgage listed above as owing to Wells Fargo Home Mortgage.

12. The Plaintiffs allege that there was no equity in their home at the time the second mortgage loan was written, and, therefore, the Defendant has no secured interest for the loan secured by the second deed of trust on the subject real estate.

13. Pursuant to 11.U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

14. Any timely filed claim of the Defendant for the second mortgage loan is allowable only as an unsecured claim and to the extent that no such claim was filed the Defendant has no claim against this estate.

**WHEREFORE,** the Plaintiffs respectfully pray of the Court as follows:

A. That this Court determine that the Defendant has no secured interest for the loan secured by the second deed of trust on the residential real estate of the Debtors:

B. That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the debtors pursuant to the 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the Debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C. That this Court direct the Trustee that any timely filed Proof of Claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan.

    D.      That the attorney for the Plaintiffs be awarded reasonable legal fees;

    E.      That the Plaintiffs' recover their costs and expenses from the Defendant;

    F.      That the Plaintiffs have such other and further relief as to the Court may seem just and proper.

Respectfully submitted this the 13th day of May, 2013.

                                  /s/ Miranda Linton
                                  MIRANDA LINTON, MSB # 102363
                                  ATTORNEY AT LAW
                                  P.O. BOX 1331
                                  SOUTHAVEN, MS 38671
                                  PH: (662) 349-1130